CASE 18—RESCISSION—MARCH 15.

# Jones v. Middlesborough Town Lands Co., Etc.

APPEAL FROM BELL CIRCUIT COURT.

1. RESCISSION—FRAUD OF REMOTE VENDOR.—A vendee of lands, when sued for unpaid purchase money, can not rely for a rescission upon the fraud of a remote vendor, but is limited to fraud of his immediate vendors or their agents.

2. RESCISSION FOR FRAUD.—In order to establish fraud against which equity will relieve, it must appear that the misrepresentation was of a material fact (as distinguished from opinion), at the time or previously existing (and not a mere promise for the future); must be relied upon by the person whose action is intended to be influenced, and must be made with knowledge of its falsity, or under circumstances which did not justify a belief of its truth. Tested by this rule the defendant failed to make out a case of fraud entitling him to a rescission of his contract of purchase. (Livermore v. Middlesborough Town Lands Co., page 140 herein.)

BECKNER & JOUETT, JAMES M. BENTON AND T. L. EDELEN, FOR APPELLANT.

1. A false representation, though innocently made, is ground for rescission. Pomeroy's Eq. Jur. (2d ed.), vol. 2, sec. 889; Prewitt, Trustee, v. Trimble, 13 Ky. Law Rep., 581; Trimble v. Reid, 17 Ky. Law Rep., 496; Story's Equity, sec. 193; East v. Matheny, 1 A. K. Mar., 192; Shackelford v. Handley, Ibid, 500; Joice v. Taylor, 25 Am. Dec., 325 (Md.); Converse v. Blumrich, 90 Am. Dec., 241 (Mich.); Tyson v. Passmore, 44 Am. Dec., 183 (Penn.); Wilson, Trustee, v. Carpenter's Admr., 91 Va., 183.

2. Where several misrepresentations have been made the court will not undertake to say which one may have influenced the contract. Pomeroy's Eq., sec. 880-890; Reynell v. Sprye, 1 DeGex, M. & G., 660, 708-9; Linhart v. Forman, 77 Va., 540.

3. That the means of knowledge were equally open to the other party, and that he might have known the facts by an investigation, will not relieve from the effects of a misrepresentation.

Wilson, Trustee, v. Carpenter's Admr., 91 Va., 183; Trimble
v. Ward, 17 Ky. Law Rep., 511; Kerr on Fraud, pp. 79-81;
Bigelow on Fraud, 523; Reynell v. Sprye, 1 DeGex. M. & G.,
p. 710; Price v. Macauley, 2 DeGex., M. & G., p. 346; Redgrave
v. Hurd, L. R. 20 Ch. Div., pp. 13, 14, 22, 23; Pomeroy's Eq.,
vol. 2, sec. 895 and note.

4. Has there been a waiver of the right to rescind? Wilson, Trustee,
v. Carpenter's Admr., 91 Va., 183; Redgrave v. Hurd, L. R.,
20 Ch. Div., 1 (1891) pp. 13-14.

5. That the fact, however, concerning which the statement is made
is in the future, does not of itself prevent the misrepresenta-
tions from being fraudulent. Pomeroy's Eq., sec. 878; Sutton
v. Morgan, 158 Penn. St. Rep., 204; Rorer Iron Co. v. Trout,
83 Va., 397; Moore v. Cross (Tex.) 26 S. W. R., 122.

6. When a party makes an affirmation, positive in form, it is to be
taken as made of his own knowledge and not as upon informa-
tion or belief. Knappen v. Freman, 47 Minn., 491.

7. A statement recklessly made, without knowledge of its truth,
but which is really false, is a false statement knowingly made,
within the settled rule. Cooper v. Schlesinger, 111 U. S., 148,
cited in Trimble v. Reid, 17 Ky. Law Rep., 497.

8. Some instances in which courts rescind similar contracts. Sut-
ton v. Morgan, 158 Penn., 204; Gate City Land Co. v. Heilman,
80 Iowa, 481; Wilson, Trustee, v. Carpenter's Admr., 91 Va.,
183; Moore v. Cross (Tex.) (1894), 26 S. W. R., 122; Ross v.
Hobson, 131 Ind., 170, and other cases cited in brief.

9. If the real estate agents who sold the lots to Judge Jones were
not in fact the agents of Dodge, Slade, &c., yet the latter by
executing deeds to Jones in which they name themselves as
his vendors held themselves out to him as principals in the
transaction, and thereby adopted all the acts and representa-
tations of the agents, among others the representation that
they were the agents of Dodge, Slade, &c. Busch v. Wilcox,
82 Mich., 336; German Natl. Bank v. Butchers' H. & T. Co.,
97 Ky., 34; Farrell, &c., v. Bradford, &c., 50 Am. Dec., 300.

W. E. CABELL AND ISAAC T. WOODSON FOR APPELLEES.

1. As to agency. Story on Agency, sec. 136, note; Reed v. Brooks,
3 Litt., 127; Mechem on Agency, ar. 285, 287, 706, 743; Van-
ada's hrs. v. Hopkins', Admrs., 1 J. J. Mar., 291; Reed, &c., v.

Jones v. Middlesborough Town Lands Co., &c.

Welsh, 11 Bush, 459; Com. v. Hawkins, 83 Ky., 246; Dehart v. Wilson, 6 Mon., 577.

2. As to what constitutes fraudulent representations. Pomeroy's Eq. Jur., sec. 878; Fisher v. May, 2 Bibb., 450; Benj. on Sales, pp. 561, 641; Marshall v. Peck, 1 Dana, 612; Thomas v. McCann, 4 B. Mon., 601; Pomeroy's Eq. Jur., sec. 891; Chambers v. Baptist Ed. Society, 1 B. Mon., 222; Huls v. Black, 14 Ky. Law Rep., 805; Tanner v. Clark, 13 Ky. Law Rep., 923; Waters v. Mattingly, 1 Bibb., 244; East v. Matheny, 1 A. K. Mar., 292; Shackelford, &c., v. Hendley's Exrs., 1 A. K. Mar., 496; Stewart v. Dougherty, 3 Dana, 481; Ball v. Lively, 4 Dana, 370; Buford v. Brown, 6 B. Mon., 557; Campbell v. Hillman, 15 B. M., 518; Phelps v. Quinn, 1 Bush, 378; Matthey v. Wood, 12 Bush, 294; English v. Thomasson, 82 Ky., 280; Prewitt v. Trimble, 13 Ky. Law Rep., 581; Marksbury, &c., v. Taylor, &c., 10 Bush, 523; Story's Eq. Jur., secs. 193, 190; Benj. on Sales, secs. 638, 675.

3. Is appellant in a position to avail himself of the charges of fraud presented in this petition? Pomeroy's Eq. Jur., secs. 897, 892, 893; 8 Am. & Eng. Ency. of Law, 803, sec. 13; Lightburn v. Cooper, 1 Dana, 275; Story's Eq. Jur., 1539; Moore v. Turbeville, 2 Bibb., 602; First Natl. Bank of Stanford v. Mattingly, 14 Ky. Law Rep., 68; Peak v. Gore, 15 Ky. Law Rep., 279; Trimble v. Ward, 17 Ky. Law Rep., 509; Bigelow pp. 528, 532, 533; Am. & Eng. Ency. of L., vol. 8, p. 805. sec. 16 and notes.

FALCONER & FALCONER FOR APPELLEES, DODGE, SLADE & WRIGHT.

1 Were Gess, Bosworth & Irvine or Browning, Rogers & Scearce the agents of Dodge, Slade, Wright, &c., to make any representations about Middlesborough at the time that the options were given upon said lots to L. H. Jones?

2. If they were the agents of Dodge, Slade, Wright, &c., what authority did they have to make such representations so as to bind the said Dodge and others?

3. If such representations were made, were they as to matters within the knowledge of said agents, or were they merely expressions of opinion as to what probably would be done by the Middlesborough Town Company or other parties.

4. Said representations if made at all were as to collateral matters and not with regard to the property subsequently purchased by Jones.

Jones v. Middlesborough Town Lands Co., &c.

5. The representations alleged to have been made were not made at the time the property was sold to L. H. Jones.

6. The defendant and cross petitioner, L. H. Jones, had the same opportunities of ascertaining what was proposed to be done in Middlesborough, as the said Dodge, J. T. Slade, T. C. Wright and others or either of the agents that he claims he was dealing with.

7. This property was purchased by Jones in 1890, and he made no complaint nor any attempt to rescind the contract until several years thereafter.

Citations:   Story on Agency, sec. 135; Reed v. Brooks, 3 Litt., 127; Roberts, &c., v. Burks, Litt. Select Cases, 411; Mechem on Agency, secs. 714, 715; Corbett v. Gilbert, 24 Ga., 454; Reeves v. Dennett, 145 Mass., 23; Campbell v. Hillman, 15 B. M., 517; Lawrence v. Gayetty, 78 Cal., 126; s. c. 12 Am. St. Rep., 29; Gage v. Lewis, 68 Ill., 604; People v. Healy, 128 Ill., 9; s. c. 15 Am. St. Rep., 90; Burt v. Bowles, 69 Ind., 1; Long v. Woodman, 58 Mo., 49; Dawe v. Morris, 149 Mass., 188; s. c. 14 Am. St. Rep., 404; Knowlton v. Keenan, 146 Mass., 86; s. c. 4 Am. St. Rep., 282; Gallager v. Brunel, 6 Cow., 347; Lexon v. Julian, 21 Hun, 577; Farra v. Bridges, 3 Humph., 566; Fenwick v. Grimes, 5 Cranch C. C., 439; Peake, &c., v. Gore, 94 Ky, 536; Bigelow on Fraud, vol. 1, p. 776; Hedden v. Griffin, 126 Mass., 229; Joliffe v. Baker, L. R. 11 Q. B. D., 255; Huls, &c., v. Black, 14 Ky. Law Rep., 806.

SAMPSON & CHAPMAN FOR APPELLEES, MIDDLESBOROUGH TOWN CO. AND MIDDLESBOROUGH TOWN LANDS CO.

1. As to sufficiency of matter to constitute counter-claim or cross-petition, Civil Code, sec. 96, sub-secs. 1 and 2.

2. Sufficiency of allegations.   Pomeroy's Eq. Jur., vol. 2, secs. 815, 856; Jasper v. Hamilton, 3 Dana, 284; Marshall v. Peck, 1 Dana, 609; Ball v. Lively, 4 Dana, 370; First Natl. Bank v. Mattingly, 14 Ky. Law Rep., 69; White v. Ewing, 69 Fed. Rep., 451.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

During the boom days of the city of Middlesborough, the Middlesborough Town Company sold and conveyed to Isaac T. Woodson and others certain lots in that city.

They sold and conveyed them to Asa Dodge and others, from whom the appellant, Jones, claims he purchased them in the early part of January, 1890. Woodson and his associates paid part of the purchase money on the lots, and executed their notes for the balance of it. Dodge and his associates paid Woodson and his associates the purchase money, less the notes which Woodson and his associates had executed to the Middlesborough Town Company. Jones made a large payment on his purchase, and seems to have assumed the payment of the notes due the Middlesborough Town Company. The Middlesborough Town Company assigned the notes to the appellee, Middlesborough Town Lands Company, another corporation, by which this suit was brought to enforce their payment. Jones denies his liability to pay the notes, and seeks a rescission of the contract of sale, which he claims was made between himself and Dodge and his associates, upon the ground that fraud was practiced upon him which induced him to enter into the contract. Dodge and his associates claim that they had sold to one Wright part of the lots which they bought, and had given an option to certain real estate firms in Middlesborough on the others, and that they did not sell them to Jones, but simply executed deeds to him, as was the custom in Middlesborough in such transactions, instead of the parties to whom they had given options. However, we will not go into a discussion of that phase of the case, but will assume that Dodge and associates, through their agents, sold the lots to Jones.

In his pleadings Jones avers that, preceding a public sale of lots in the city of Middlesborough, the Middlesborough Town Company, by a prospectus, publications in the newspapers, ' and in various

ways, represented that certain streets and avenues of the city would be constructed in a way that would be useful and beautify the city; that sundry and divers enterprises, requiring the expenditure of millions of dollars, would be established at Middlesborough, and that they would employ thousands of men; that various railroads would be brought to Middlesborough; that mines would be opened and worked; that a street railway would be built and put in operation; that in the representations the capacities of various industries which were to be established were given, and the number of men each would employ, etc.

It, is unnecessary to enumerate the various manufacturing establishments and business enterprises which were to be brought to Middlesborough. It is averred that some of them came, but none of them were of the proportions as represented; that they did not employ the number of men which it was represented they would employ; that nearly all the enterprises which it was represented would come there failed to come, etc.

He also avers that certain persons, representing his vendors as agents, repeated these representations, and that he entered into the contract of purchase relying upon the representations as true. It is denied by his vendors that any fraudulent representations were made to him by themselves or agents, or that he was induced to enter into the contract by reason of any fraudulent representations. We see no connection between the representations of the Middlesborough Town Company and those of Dodge and his associates which could affect the question involved in this case. Dodge and his associates owned the lots; they did not represent the Middlesborough Town Company in the sale of the lots to Jones. Long before that time the

Middlesborough Town Company had sold the lots to Woodson and his associates in the manner we have stated, and they do not complain that it induced them to buy the lots by fraudulent representations. If Jones is entitled to a rescission of the contract, it must be had by reason of the fraudulent conduct of his immediate vendors or their agents.

The evidence in this case does not show that Dodge and his associates, or their agents, ever represented to Jones that they would bring, or would be instrumental in bringing, a single enterprise to Middlesborough which he claims he expected would be established there. The record shows that whatever enterprises were to come there were not to be brought through the influence of his vendors, but through that of the Middlesborough Town Company, or some one else not interested in the lots which he was buying. No promise which his vendors made was violated.

It is evident, from the record in this case, that those who were buying lots in Middlesborough knew that the town was being boomed for speculative purposes. There were evidences from the money which was being expended in the town, and which was thereafter expended, which were calculated to make those who lived in the town or visited it hope that it would become a city of considerable importance. Irvine, who represented one of the real estate firms through whom Jones claims he purchased part of the lots, formerly lived in the city of Winchester, and was a neighbor of Jones. He had not been in Middlesborough more than five or six days before Jones went there. Jones knew of this fact, and that his opportunity for obtaining actual knowledge as to the real situation of the city of Middlesborough was necessarily limited.

The information which the real estate agents gave Jones was obtained in the same manner the general public had obtained its information with reference to the prospects of Middlesborough. They were evidently engaged in the same business that everybody else was who went there to boom the town and invest in real estate. He could not help knowing, by the exercise of ordinary judgment, that the statements which were made to him with reference to the various enterprises which were commenced, and those which were to be brought there, were mere opinions. They were made at a time when the agents did not have in view the sale of the lots in question to him. The evidence in this record does not establish the fact that they attempted to practice any fraud upon him, or made representations to him which they believed to be untrue, and the circumstances under which they made the statements and representations were such as to justify a belief in their truth.

This court has recently had under consideration the case of Livermore v. The Middlesborough Town Lands Co., *herein*, 140 [50 S. W., 6], involving somewhat of a similar question to the one here for consideration, and, after reviewing many authorities, it said:

"To establish actionable fraud, or fraud against which equity will relieve—and, as we have seen, the same rule applies in Kentucky to both classes of cases—it must appear that the misrepresentation was a matter of material fact, (as distinguished from opinion), at the time or previously existing, (and not a mere promise for the future), must be relied upon by the person whose action is intended to be influenced, and must be made with knowl edge of its falsity, or under circumstances which did not

justify a belief in its truth. This is the doctrine deducible from the Kentucky decisions."

In view of the fact that the court in that case has so fully reviewed the authorities, and has reached the conclusion we have stated, it is deemed unnecessary to discuss further the law applicable to this case.

The opinion this day delivered in Pine Mountain Iron and Coal Co. v. Ford, [50 S. W., 27], is in line with the case from which we have just quoted. The judgment is affirmed.